IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUBREY GOODWIN,            ) | |
| ) | |
| Petitioner,            ) | |
| ) | |
| v.            ) | Civil Action No. 2:10cv313-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Respondent.            ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Federal inmate Aubrey Goodwin ("Goodwin") has moved for collateral review of his convictions and sentence pursuant to 28 U.S.C. § 2255.

In November 2006, Goodwin was indicted in the Middle District of Alabama on two counts of distributing 5 grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On December 17, 2007, a jury found Goodwin guilty of both counts in the indictment. The jury's verdict included specific findings that Goodwin distributed 22.9 grams of crack cocaine in relation to Count 1 of the indictment and 47.7 grams of crack cocaine in relation to Count 2.

On February 27, 2008, the district court sentenced Goodwin to 97 months' imprisonment. Goodwin appealed, raising claims that (1) the district court erred in denying his motion in limine to exclude admission of Fed.R.Evid. 404(b) evidence at trial, (2) there was insufficient evidence to support his convictions, and (3) his sentence was substantively

unreasonable. On June December 19, 2008, the Eleventh Circuit affirmed his convictions and sentence in an unpublished opinion. *United States v. Goodwin*, 296 Fed. App'x. 727 (11th Cir. 2008). Goodwin petitioned the Supreme Court for certiorari review, and the petition was denied on April 20, 2009.

On April 12, 2010, Goodwin, filed this *pro se* § 2255 motion claiming that his convictions were obtained in violation of the Fifth Amendment because the indictment "charg[ed] him with only distributing 5 grams of cocaine base" and did not specifically allege his distribution of 70.6 grams, the total amount of crack cocaine for which he was held responsible and sentenced (22.9 grams + 47.7 grams). *Doc. No. 1 at 4; Doc. No. 2 at 1-3*. Goodwin maintains that the amount of crack cocaine was an essential element of the offense and that because the indictment did not specifically allege the amount of 70.6 grams, the district court was without jurisdiction to impose a punishment based on 70.6 grams of crack cocaine. *Id*.

The government asserts that Goodwin's claim is procedurally barred because it was not raised on direct appeal and that, in any event, the claim is without merit. *Doc. No. 7*. Goodwin was afforded an opportunity to respond to the government's submission and has done so. *Doc. No. 11*. After due consideration of Goodwin's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

The government correctly notes that Goodwin did not present his instant claim to the Eleventh Circuit in his direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).  A petitioner can avoid this procedural bar only by showing one of the two exceptions to the procedural default rule:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for the procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) (emphasis in original; citations and quotations omitted); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Goodwin, however, makes no attempt to demonstrate cause for his failure to raise his claim on direct appeal.[1] Nor does Goodwin maintain (or present evidence) that he is actually innocent of the offenses of which he was convicted.[2]  Therefore, his claim is barred from collateral review by procedural default.

---

[1] To show cause, a petitioner must prove that "some objective factor external to the defense prevented the petitioner or his counsel from raising the claim previously. *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986).

[2] The "actual innocence" exception is exceedingly narrow in scope. *Lynn*, 365 F.3d at 1235 n.18. "'[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*, 523 U.S. at 623.

3

Goodwin contends that his Fifth Amendment claim is nevertheless subject to review because it is "jurisdictional" in nature, as it concerns a purported defect in the indictment. *Doc. No. 2 at 2-3; Doc. No. 11 at 5-7.* To the extent Goodwin suggests that the indictment in his case failed to set forth the essential elements of the offense of which he was convicted because it "charg[ed] him with only distributing 5 grams of cocaine base" and did not specifically charge him with distributing 70.6 grams, his claim is without merit. Each count of the indictment charged him with distributing "5 grams *or more*" of crack cocaine,[3] thereby

---

[3]The indictment alleged, in pertinent part, as follows:

The Grand Jury charges:

### COUNT 1

On or about May 21, 2003, in Bullock County, within the Middle District of Alabama, the defendant,

**AUBREY GOODWIN,**

did knowingly and intentionally distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 2

On or about June 11, 2003, in Bullock County, within the Middle District of Alabama, the defendant,

**AUBREY GOODWIN,**

did knowingly and intentionally distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

(continued...)

encompassing the amounts of 22.9 grams and 47.7 grams that the jury found he distributed under the separate counts and the total amount of 70.6 grams for which he was held responsible at sentencing.  There was no defect in the indictment depriving the court of jurisdiction to enter a conviction, and Goodwin's Fifth Amendment claim in this regard is meritless.

Likewise, there is no merit to Goodwin's contention that the district court was not authorized to impose a sentence based on his distribution of 70.6 grams of crack cocaine. The jury's verdict included specific findings that Goodwin distributed 22.9 grams of crack cocaine in relation to Count 1 of the indictment and 47.7 grams of crack cocaine in relation to Count 2, for a total of 70.6 grams. *Doc. No. 7-5 at 1*. Under 21 U.S.C. § 841(b)(1)(B)(iii), the statutory maximum sentence for each § 841(a)(1) count for which Goodwin was convicted was 40 years' imprisonment.[4] The sentence that the district court imposed against Goodwin, 97 months (i.e., eight years and one month), was far below the 40-year statutory maximum. Based on a finding that Goodwin distributed a total of 70.6 grams of crack cocaine, the district court determined his base offense level under the sentencing guidelines

---

[3](...continued)
*Doc. No. 7-1 at 1-2*.

[4]Section 841(b)(1)(B)(iii) provides, in pertinent part, that any person who distributes "28 grams or more" of crack cocaine in violation of § 841(a) "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841 (b)(1)(B)(iii).

to be 30.[5]  *See* U.S.S.G. § 2D1.1(a)(1) & (c)(5) (pursuant to which 70.6 grams of crack cocaine yields a base offense level of 30).  Not only was this determination authorized by the jury's specific findings, under a beyond-a-reasonable-doubt standard, that Goodwin distributed a total of 70.6 grams, but the district court, if it so chose, could properly make its own factual findings concerning drug amounts, under a preponderance-of-the-evidence standard, that went beyond the facts found by the jury so long as the district court applied the sentencing guidelines as advisory.[6] *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006); *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005); *United States v. Rodriguez*, 398 F.3d 1291, 1300-01 (11th Cir. 2005).  Goodwin does not argue that the evidence presented at trial did not support the jury's specific findings as to the amount of drugs distributed or that the district court's determination as to the amount of drugs (which followed the jury's findings as well as the findings in the presentence investigation report) was erroneous. His argument appears to be based entirely on the premise that the indictment did not authorize a sentence based on his distribution of 70.6 grams of crack cocaine. However, as indicated above, that premise is simply incorrect.

---

[5]Goodwin's criminal history category under the sentencing guidelines was I. No sentence adjustments up or down were recommended in the presentence investigation report; thus his base offense level was also his total offense level. His total offense level of 30 combined with his criminal history category of I to yield a guideline sentencing range of 97 to 121 months. The 97 months imposed by the district court was at the bottom end of the applicable advisory guidelines range.

[6]At Goodwin's sentencing, the district court expressly recognized that its application of the sentencing guidelines was advisory and considered other sentencing factors, as mandated by 18 U.S.C. § 3553(a). *Doc. No. 7-9 at 10-13*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Goodwin be denied, as the claims therein do not entitle him to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 8, 2012**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 25th day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE